■ In the Matter of KOTIMSKY & TUCHMAN, INC., Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— STALEY, JR., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 12, 1965, which assessed the employer the sum of $11,161.24 as additional contributions due for the audit period from January 1, 1959 to December 31, 1962. The employer is a corporation engaged in business as a caterer and employing a large number of banquet waiters who are members of Local 164 of the Bartenders & Hotel & Restaurant Employees Union. The contract between the employer and the union provides that each employee covered by the agreement shall receive wages in accordance with " Schedule A " attached thereto. Schedule A provided that effective December 31, 1960, the following schedule of wages shall apply to all employees covered by the agreement: wages $12, tips $30, total $42. The agreement also prohibits the direct or indirect solicitation of tips by an employee on " non-collection jobs." The Industrial Commissioner determined that the employer was liable for contributions on remuneration of waiters which computed tips received by waiters in excess of 100% of cash wages. Upon receipt of the notice of determination, the employer requested a hearing. On April 29, 1964 the Referee sustained the determination of the Industrial Commissioner stating: " It is clear that the employer's obligation was to compensate the waiters in accordance with the schedule provided in the union contract. Designation of a certain portion * * * as tips did not alter the employer's obligation to compensate the employee in the total amount designated. Accordingly, the entire amount constitutes remuneration for services for which the employer is liable for contributions regardless of whether or not the portion listed as tips was in excess of the amount listed as wages." The employer appealed to the Unemployment Insurance Appeal Board which affirmed the decision of the Referee on April 29, 1964. The employer contends that the board erred in finding that the remuneration received by the employer's service employees consisted of cash wages paid by the employer and gratuities or tips paid by the patrons, and that, under rule 4-b (3) of the Regulations of the Industrial Commissioner (12 NYCRR 480.4 [b] [3]), the value of gratuities or tips received by service employees serving banquet or catered meals must be determined at 100% of the cash wages paid unless the employer submits a sworn statement that no tipping by collection or otherwise is permitted. The Industrial Commissioner contends that rule 4-b does not apply to this case, since there are no gratuities or tips involved, and

the entire amount paid constitutes "remuneration" under section 517 of the Labor Law. This section defines "remuneration" as follows: "1. Inclusions. 'Remuneration' means every form of compensation for employment paid by an employer to his employees; whether paid directly or indirectly by the employer, including salaries, commissions, bonuses, and the reasonable money value of board, rent, housing, lodging, or similar advantage received. Where gratuities are received by the employee in the course of his employment from a person other than his employer, the value of such gratuities shall be determined by the commissioner, and be deemed and included as part of his remuneration paid by his employer." Under this statute it is clear that rule 4 of the Regulations of the Industrial Commissioner is not applicable unless the gratuities or tips are received by the employee directly from a person other than his employer. The testimony in the instant case reveals that the employer under his contract with the union was required to pay to the employee as wages a total of $42 for 7½ hours work; that this sum of $42 was determined as wages $12 and tips of $30; that this sum was to be paid to the employee regardless of whether the employer collected the sum of $30 as tips from the customer holding the banquets; that sums collected in excess of $30 per employee as tips were retained by the employer; that the employer issued his own check from a "revolving account" to the headwaiter for distribution of the amount of the tips and wages; that the waiters were prohibited from soliciting tips from the patrons of the banquets; and that, as part of the charges to the customer holding the banquet, there is included a charge of 15% of the cost of the meals for tips. On this record it cannot be said that the employer's service employees received gratuities from a person other than his employer. In fact, the union contract requires the employer to pay "tips" to the employees as part of their salary, and prohibits the employee from directly or indirectly soliciting tips from the persons served. Properly considered what the employer contends to be tips are actually part of the wages required to be paid by it, and cannot reasonably be considered a gratuity. Thus, there is no reason to resort to the Commissioner's regulations for determination of the value of gratuities. "Remuneration" as defined in section 517 includes any form of compensation paid directly or indirectly by the employer. In the instant case the tips or gratuities were received by the employer as part of its contract with its customers and then paid directly to the employee always in the amount specified in the wage schedule set forth in the union agreement. It is interesting to note that in the sample union agreement in evidence which covers a three-year period, the total to be paid to the employees is increased each year and this increase is added to the figure entitled "tips" in each instance. It cannot reasonably be said that the employer and employee had bargained for an increase in "tips" as distinguished from wages. The plain meaning of the agreement is that the employer was to pay its employees a stated total amount of wages for 7½ hours of work and the amount specified as "tips" would be a reasonable sum to be passed on to the customer as a percentage of the cost of the meals served in a category termed "tips" rather than to resort to an increase in the actual cost of the meals. The obvious reason for inclusion in section 517 of a provision for determination by the Industrial Commissioner of the value of gratuities received by an employee from a person other than employer, is the problem of determining the actual amount received by an employee. Thus, it is reasonable that regulations be adopted for that purpose. In the instant case, there is no question concerning the amount received by the employee. This amount was set by contract with the union, and the testimony establishes that this was the amount that would be paid in all cases. There is, therefore, no reason to resort to regulations to determine their value. The

value is known and this value constitutes "remuneration" under the statute. Resort may not be had to regulations to defeat the intent and purpose of the statute. Decision affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., J., concur in memorandum by Staley, Jr., J.